UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

Ronnie Dante Thomas #254903,

(Enter above the full name of the plaintiff(s), including prisoner number, in this action. If you cannot list all plaintiffs in the space provided, please write "see attached" and list all names on an additional page.)

v.

Officer (unknown) Piggett, Officer Lt. (unknown) Ramirez, Officer (unknown) Silvernail, Officer (unknown) Jensen.

(Enter above the full name of the defendant(s) in this action. If you cannot list all defendants in the space provided, please write "see attached" and list all names on an additional page.)

**FILED - GR**
January 6, 2025 1:08 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: KB  SCANNED BY: JW / 1-6

**1:25-cv-20**
Jane M. Beckering
U.S. District Judge
Sally J. Berens
Magistrate Judge

**COMPLAINT**
*(Print Clearly)*

I. **Previous Lawsuits**
   **CAUTION:** The Prison Litigation Reform Act has resulted in substantial changes in the ability of incarcerated individuals to initiate lawsuits in federal courts without prepayment of the civil action filing fee. Accurate and complete responses are required concerning your litigation history. Generally, a plaintiff's failure to accurately and completely answer the questions set forth below will result in denial of the privilege of proceeding *in forma pauperis* and require you to pay the entire $405.00 filing fee regardless of whether your complaint is dismissed.

   A. Have you ever filed a lawsuit while incarcerated or detained in any prison or jail facility?   Yes ☒  No ☐

   B. If your answer to question A was yes, for each lawsuit you have filed you must answer questions 1 through 5 below. Attach additional sheets as necessary to answer questions 1 through 5 below with regard to each lawsuit.

   1. Identify the court in which the lawsuit was filed. If it was a state court, identify the county in which the suit was filed. If the lawsuit was filed in federal court, identify the district within which the lawsuit was filed.
      Western Dist.

   2. Is the action still pending?   Yes ☐  No ☒
      a. If your answer was no, state precisely how the action was resolved: Alternative Resolution Proceeding (ADR)

   3. Did you appeal the decision?   Yes ☐  No ☒
   4. Is the appeal still pending?   Yes ☐  No ☒
      a. If not pending, what was the decision on appeal? NA

   5. Was the previous lawsuit based upon the same or similar facts asserted in this lawsuit? Yes ☐  No ☒
      a. If so, explain: _____

II. **Parties**

A. Plaintiff(s)

Enter your name, place of confinement, address, and place of confinement during the events described in the complaint in the blanks below. Provide the same information for any additional plaintiffs. Attach extra sheets as necessary.

Name of Plaintiff **Ronnie Dante Thomas**
Place of Present Confinement **Bellemy Creek Corr. Facility (IBC)**
Address **1727 W. Bluewater Hwy., Ionia Mich. 48846**
Place of Confinement During Events Described in Complaint **IBC**

B. Defendant(s)

Complete the information requested below for each defendant in this action, including whether you are suing each defendant in an official and/or personal capacity. Provide the same information for each additional defendant. If there are more than six defendants attach extra sheets as necessary.

Name of Defendant #1 **Officer (unknown) Piggett**
Position or Title **Officer**
Place of Employment **IBC**
Address **1727 W. Bluewater Hwy.**
Official and/or personal capacity? **Both Cap.'s**

Name of Defendant #2 **Officer Lt. (unknown) Ramirez**
Position or Title **Officer Lt.**
Place of Employment **IBC**
Address **1727 W. Bluewater Hwy.**
Official and/or personal capacity? **Both Cap.'s**

Name of Defendant #3 **Officer (unknown) Silvernail**
Position or Title **Officer**
Place of Employment **IBC**
Address **1727 W. Bluewater Hwy.**
Official and/or personal capacity? **Both Cap.'s**

Name of Defendant #4 **Officer (unknown) Jensen**
Position or Title **Officer**
Place of Employment **1727 W. Bluewater Hwy. (IBC)**
Address
Official and/or personal capacity? **Both Cap.'s**

Name of Defendant #5
Position or Title
Place of Employment
Address
Official and/or personal capacity?

- 3 -                                               (W.D. Mich. Form – Last Revised: September 2021)

III. **Statement of Claim**

State here the **facts** of your case. Describe how each defendant is personally involved. Include also the names of other persons involved, dates and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. **Do not include unrelated claims.** Use as much space as you need. Attach extra sheets if necessary.

Facts And Legal claims thereto Are setforth in Attached document(s).

IV. **Relief**

State briefly and precisely what you want the court to do for you.

Relief Requested is set forth in Attached document(s).

V. **Notice to Plaintiff Regarding Consent**

In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, you are hereby notified that the United States magistrate judges of this district court may, upon your consent, conduct any or all proceedings in this case, including a jury trial and entry of a final judgment. If you consent, any appeal from a judgment entered by a magistrate judge shall be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of a district court.

Magistrate judges have greater flexibility in their schedules than district judges, who have heavy criminal caseloads that take priority over civil trials. Accordingly, the magistrate judges are generally able to schedule prisoner civil rights cases for jury trial much sooner, and they are able to provide firm trial dates. Magistrate judges are experienced trial judges who handle a great number of prisoner civil rights cases.

Your decision to consent to the dispositive jurisdiction of a United States magistrate is entirely voluntary. If you do not consent to a magistrate judge, the case will be randomly assigned to a district judge. The magistrate judge already assigned to this case would continue to decide all pretrial matters and would handle all dispositive motions by report and recommendation.

Please check **ONE** box below to indicate whether you voluntarily consent to proceed with a United States magistrate judge or if you would instead prefer that the case be assigned to a district judge.

☐ I hereby voluntarily consent to the United States magistrate judge conducting all proceedings in this case, including entry of a final judgment and all post-judgment matters.

☒ I request that this case be assigned to a district judge.

1/2/2025
**Date**

**Signature of Plaintiff**

**NOTICE TO PLAINTIFF(S)**

The failure of a *pro se* litigant to keep the court apprised of an address change may be considered cause for dismissal.

- 5 -                                    (W.D. Mich. Form – Last Revised: September 2021)

42 USC subsec. 1983

## Introduction I.

A) The Michigan Dept. of Corrections (MDOC) regime and its proxy facilities (upper/lower) peninsula, utilize its "color of law" authority as a means to overtly infringe the human, constitutional and civil rights of "American" prisoners. The instant plaintiff has been imprisoned with this regime for the past nineteen(19) yrs.. Plaintiff's disposition is premise on a objectively reasonable model or frame-of-reference, mitigated by our prisoner "status". Also, considering reasonable penological interest. However, the MDOC Regime can not infringe the rights (in a broad sense) of American's and at the same time, explain (justify) its conduct in the name of penological interest. A substantial major of prisoners in the state did not complete high school and many (with a high school diploma) lack the most basic literacy skills;

B) Relatedly, most prisoners fall in the lowest two(2) levels of five(5) levels of literacy -- marked by an inability to do simple task as write a brief letter or e-mail to explain an error on a credit card bill, use a bus schedule and many are designated mentally ill and receive psychotropic medication. Hence, seeking relief and navigating a civil rights complaint under 42 USC subsec. 1983 without a lawyer's assistance (in the interest of justice) is a perilous endeavor for a layperson and well beyond the competence of American prisoners in the State of Michigan who have little education learning disabilities and mental impairment. ("Even the intelligent and educated layman has small and sometimes no skill in the science of law.") Gideon v. Wainwright, 372 U.S. 335, 345 (1963) quoting Powell v. Alabama, 287 U.S. 45, 69 (1932);

C) On the whole, ignorance operates as a, or forms a barrier to

meaningful, effective and adequate access to the courts as real as do the more blatant physical impediments. Simply providing a prisoner whom is semi-illiterate or illiterate with law books gives the prisoner no meaningful chance to explore the legal remedies he/she might have. To be constitutional, the right of access, as distilled from an abstract concept to a working apparatus, must be "meaningful". In deed, meaningful access extends to the preparation and filing of actions challenging the fact of a prisoner's confinement, e.g. Habeas Corpus, as well as actions challenging the legality of the conditions of confinement. Thus, under the logistics of this cumbersome arrangement super-imposed on prisoners political rights by the MDOC regime and its proxies, this plaintiff is unable to divine even a faint glimmer of hope for the meaningful redress and access hereto, for MDOC prisoner's present and future.

## Facts II.

1) Plaintiff Ronnie Dante Thomas (hereinafter "Plaintiff") is a trustee for the Thomas Family Trust, organized via declaration (executed 12-10-04); Plaintiff is also a member manager of Syllogic Visions Consulting, LLC Organized in the State of Michigan on (2-22-22); Member-Manager relationship established via subscription for shares, executed 3-25-2022, subscription Agreement, executed 3-25-2022, and incorporated into an operation agreement (O.A.), executed 2-22-2022;

2) In 2022, Plaintiff was seen by Michigan Dept. of Corrections (MDOC) - Bureau of Health Care Services and its related Medical provider(s) (MP) requested an ultra-sound to be administered on Plaintiff as a result of a prominent mass of tissue protruding from the right-side of Plaintiffs neck causing substantial pain when swallowing and pressure

-2-

applied by mass when plaintiff lay-down o9n back making breathing difficult;

3) On 4/28/2020, the requested Ultra-Sound revealed two (2) dominant nodules on Plaintiffs thyroid. Thereafter the MP requested a Biopsy to be administered due the massivity of the nodule on the right-side;

4) On 5/6/2020, the thyroid nodule Biopsy was negative for carcinoma (cancer). Nevertheless, after continued health issue's caused by the massive thyroid nodule (A.K.A. nodule or goiter) another Ultra Sound (which revealed a growth of three(3) centimeters) and Biopsy in 2024, the MP ordered/scheduled a consult w/a throat specialist (surgeon) to consider a Thyroidectomy;

5) On about 5/28/2024, Plaintiff consulted w/a specialist whom approved a thyroidectomy given the sheer size, location, degree of pain when swallowing and the substantial risk of constricting windpipe while plaintiff sleeps when laying down in-relation to thyroid/goiter nodule;

6) While waiting for an eventual thyroidectomy scheduled for Spet. 10, 2024, physcian Matthew Wideman (MP) prescribed plaintiff acetaminophen (tylenol) for pain on August 7, 2024 and issued a medical accommodation for two (2) pillows (state issued) on about August 7, 2024 to elevate Plaintiffs head/neck area to decrease pressure on Plaintiffs windpipe based on the weight of thyroid nodule, as to avoid suffocation when laying on left-side or back position while sleeping;

7) On about September 3, 2024, Plaintiff was brutally assaulted by three (3) Prisoners whom entered Plaintiffs cell (room without authorization from State officials in housing unit. The three(3) prisoners are members of a sub-cultural

organization known as the "Bloods". With regards to the MDOC, and its designation of the three(3) prisoners as a security threal is "unknown". Notwithstanding, the "Bloods" org. [is] designated a Security Threat Group (STG) by Federal, State and Local Governments;

8) Plaintiff suffered a (non-displeced) upper jaw fracture as a result of the assault executed by STG prisoner-members. Plaintiff was placed in Unit 8(temp. segregation) the night of (Sept. 3, 2024). After languishing in Unit 8, the Plaintiff was interview by the MDOC security classification committee (SCC) who initially ordered a transfer to an alternative security level two (2) but, a week later, after transfering Plaintiff to Unit 1, another SCC disposition was issued altering the previous disposition to placing plaintiff in Unit-2 (Protective Housing/Protective Custody (PC) as a consequence of the assault in General Population (GP) Sept. 3, 2024;

9) In the same vein, before being placed in unit-2, Plaintiff languished in Unit-1, a second (2nd) temp. seg. housing unit for twenty-five days (25) as a result of limited bed-space in Unit-2 (PC);

10) Upon entering Unit 1, Plaintiff gave the transporting officers due notice that Plaintiff has a medical detail for two(2) pillows, in fact, Plaintiff "Literally" showed all defendants the nodular goiter bulging from the side Plaintiffs neck. Moreover, Plaintiff supplied them (Unit-1 officer's) with a copy of the medical detail for two(2) pillow to be placed in Unit-1 officer's main desk per MDOC policy directive (PD);

11) The effect of the above-mentioned MDOC P.D. is to give officers due notice of all prisoners whom reside in the housing unit(s) with a medical accommodation in-spite-of a

prisoner giving due notice to an office via his own freewill;

12) On about Sept. 4, 2024, while being housed in Unit-1 (Semp. Seg.) Defendant Officer Piggett First (1st) shift, performed his initial observation round at which time, Plaintiff informed Def. Piggett of the medical accommodation, the cell/room was devoid of any pillow, and Plaintiff went a step further and showed Def. Piggett the massive Nodular goiter jutting from the right side of Plaintiffs Neck;

13) Def. Piggett made an invective comment, about Plaintiffs medical condition, laughed at his own commentary, and continued with his observation round(s);

14) About forty-five (45) mins. to One (1) hour later (Sept. 4, 2024), Defendant officer Lt. Ramirez engaged an observation round(s). At that time, Plaintiff informed Def. Officer Lt. Ramirez of the medical accommodation, the posture of Def. Piggett in-relation thereto and invective comment. Def. Officer Lt. Ramirez gave a physical posture as if he had concern for Plaintiff's oral grievance, however, Def. Officer Lt. Ramirez stated, "there are ''no' pillow's in this housing unit and that prisoners whom do have a pillow in this housing unit have an accommodation therewith". Def. officer Lt. Ramirez proceeded with observation observation round(s);

15) After coming to the realization that the general attitude of the "all" or "most of" th official's at Bellamy Creek Correctional Facility (IBC) were steeped in a anti-prisoner sentiment, Plaintiff fashioned a pillow-like construct out of a roll-up cover, sheet and towel an laguished in the cell/room without the assigned medical accommodation being acted upon by MDOC official's acting under color of State law on American shores, in 2024;

16) Hence, after being wilfully disregarded by shift command, nine(9) days later (Sept. 13, 2024) Plaintiff once again, informed Defendant Officer Silvernail of the medical accommodation during a observation round(s). Def. Officer Silvernail did not respond to Plaintiffs legitimate medical oral grievance. In fact, Def. Officer Silvernail walloped out a laugh and continued with his observation round;

17) Sometime thereafter, between Sept. 14-16, 2024, Defendant Officer Jensen made an observation round(s) in housing unit-1. Upon reaching Plaintiffs' cell/room Plaintiff informed Def. Officer Jensen of the medical accommodation and the fact that plaintiff had been housed in Unit-1 for approx. ten(10) days now and other officer's had been delibrately indifferent to Plaintiffs' medical accommodation;

18) Def. Officer Jensen's retort was, "if my brethren officer's don't give a dame about your two(2) pillow medical detail than,'I' really could careless. ":Def. Officer Jensen continued with routine observation rounds(s);

19) After every encounter with each Def. mentioned herein, Plaintiff lodge an oral grievance and requested a formal grievance form. Each Def. Claimed either there were none available, or their waiting for a shippment to arrive. Such a response is spurious at best in-relation to the mandate of MDOC P.D. grievance procedure;

20) Plaintiff was impaired in administering the business of the Thomas Family Trust as trustee and to perform the fiduciary duty as member-manager for Syllogic Visions Consulting, LLC, as a result of the Def's deliberate action(s);

### Exhaustion of Admin. Remedies

21) The plaintiff has exhausted all Administrative remedies with respect to all claims and all Def.'s mentioned; at the third (3rd) step of the MDOC grievance procedure Plaintiff submitted an appeal to the Directors Office via Inter-Departmental (ID) mail that is processed by the IBC mailroom;

## Legal Claim(s)

22) Plaintiff reallege and incorporate by reference paragraphs 1-22.

23) The actions of the Defendant's (officer's Piggett, Lt. Ramirez, Silvernail and Jensen) as set forthwith in pp. 1-19 constituted a violation of Plaintiffs right(s) under the Eight(8th) Amendment of the United States Constitution against cruel and unusual punishment and the Nineth(9th) Amendment of right(s) not constructed and enumerated in the United States Constitution but reserved by the Plaintiff;

24) The actions of the Defendant's (officer's Piggett, Lt. Ramirez, Silvernail and Jensen as set forthwith in pp. 1-19 constituted a violation of Plaintiffs Right(s) under the Americans w/Disabilities Act ("ADA") 42 U.S.C.A. subsec. 12132 et.seq.;

25) The custom/practice of the Defendant's (Officer's Piggett, Lt. Ramirez, Silvernail and Jensen) as set forthwith in pp. 1-19 constituted tortious interference w/business relationship expectancy and tortious economic relations between the Thomas Family Trust and Syllogic Visions Consulting, LLC under state law, the Def.'s actions constitute violations under racketeering influence and corrupt Organization Act ("RICO") 18 U.S.C. Subsec. 1962 (d) (Civil/Private Action);

-7-

26) The actions of the Defendant's (officer's Piggett, Lt. Tamirez, Silvernail and Jensen) as set forthwith in pp 1-19 constitute retaliation for Plaintiff seeking redress by asking for a MDOC grievance form premised on being denied a medical accommodation and the Def.'s fraudulent denial constituted a violation of the first(1st) Amendment right(s) to freedon of speech and access to the courts in exhausting admin. remedies to submit the instant fact's and claim(s) herewith so that Plaintiff can procure a fair hearing from the judiciary on all grievances alleged by the Plaintiff;

27) Plaintiff sas not plaiin, adequate, or complete remedy at law to redress the wrong's described herein, Plaintiff has been and will continue to be irreparably injured by the conduct/action's of the Defendant's or colleague's in the form of retaliation for the instant submission, unless this Honorable Court grant the Declaratory and Injuctive relief which Plaintiff seeks.

## Relief Requested

WHEREFORE, Plaintiff request that the Court grant the following relief:

GRANT Plaintiff a Declaration that the act's and omission's described herein constitute an infringement of the right's under the Constitution and laws of the United States of America and a Permanent Injuction ordering the State and its actor's to cease it's/ their wilfully disregard of clearly established law (common) as prescribed by the Highest Court in the United States and related appeal (Circuit) Court's and,

Grant Plaintiff, the Thomas Family Trust and Syllogic Visions Consulting, LLC compensatory damages against each Defendant, jointly and severally;

-8-

Plaintiff seek Punitive damages against each Defendant, jointly and severally;

Plaintiff, among other things, seek a jury trial as soon as possible or without undue delay, on all fact's triable by jury;

Plaintiff also seek recovery of "all" cost in this suit; and

Any additional relief Federal law deem just, proper and equitable as Plaintiff being pro se and on account of the <u>private contract's</u>, Plaintiff transcend prioner status in-relation to this cause of action and the prison Litigation Reform Act (PLRA).

/s/ *[signature]*
Ronnie Dante Thomas

Date: 1/2/2025

Ronnie D. Thomas #254903
Bellamy Creek Corr. Facility (IBC)
1727 W.S. Bluewater Hwy.
Ionia, Michigan 48846

FIRST-CLASS
US POSTAGE PITNEY BOWES
ZIP 48846 $ 002.04⁰
02 7W
0008038260 JAN 02 2025

Office of the Clerk
U.S. Dist. Court
399 Federal Building
110 Michigan St. NES
Grand Rapids, ~~Lansing~~, Michigan 49503