FILED - GR
February 4, 2025 10:43 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: KB   SCANNED BY: KB /2/4

United States District Court
For the Western District
Southern Division

Ronnie Dante Thomas, #254903,
    Plaintiff,

v.

Officer's Piggett, Lt. Ramirez,
Silvernail, Jensen,

All as individuals and official
capacities,

    Defendants.
_____/

Case No: 1:25-cv-00020
Hon. Jane M. Beckering

### Motion For Preliminary Injunction And Incorp. Memo. of Law

NOW INTO COURT comes Ronnie Dante Thomas, #254903, Plaintiff, by way of pro se, moves the Court for a preliminary injunction pending final disposition in this action and states the following in support:

### Relief Sought

The preliminary injunction will enjoin the Defendants Officer's Piggett, Lt. Ramirez, Silvernail and Jensen, the defendants agents, servants, employees and attorneys and all person in active concert and participation with these defendants, from:

1)    Continued implementation of a MDOC policy that require inmates to procure assistance from the writ writer program rather literate or illiterate;

2)    Continuing a custom/practice of all inmates writ-writer who have merely completed two-year training courses who are not an intelligent layperson who can speak/write coherent English and who does not have even a "modicum" of exposure to legal research and the rudiments of prisoners law;

-1-

3) Disregarding the holding of Knop v. Johnson, 977 F. 2d 996 (6th Cir. 1992).

4) Continued retaliation against SVC, LLC, Thomas Faimly Trust and their agents, operations and functions formal/informal contracts existing within the facilities to the aid/assistance of inmates, prisoners, in the preparation and filing of meaningful legal papers consistent with fundamental Due Process as found in the first Amend (Right of access to the courts, privileges and immunities under article 4 of the Constitution and the Fourteenth Amend.) as construed by Bounds v. Smith, 430 U.S. 817 828 (1977). See also Avery v. Johnson, 393 U.S. 483, 490 (1969).

Four (4) Factors for Issuing Prelininary Injunction Leary v. Daeschner, 228 F.3d 729 (6th Cir. 2000):

In determining rather to issue a Preliminary Injunction, the Court must examine for factors:

(1) Whether the mover has shown a strong likelihood of success on the merits;

(2) Whether the mover will suffer irreparable harm if the injunction is not issued;

(3) Whether the issuance of the injunction would cause substantial harm to others; and

(4) Whether the public interest would be served by issuing the injunction.

id at 736 (citing McPherson v. Michigan High School Athletic Ass'n, 119 F.3d 453, 459 (6th Cir. 1997) (en banc).

-2-

These factors are not prerequisites, but factors that are to be balances against each other. <u>United Food and Commercial Workers' Union, Local 1099. v. Southwest Ohio Reg'l Transit Auth.</u>, 163 F.3d 341, 347 (6th Cir. 1998). A preliminary injunction is an extraordinary remedy which should be granted only if the mover carries his or her burden of proving that the circumstances clearly demand it. <u>Leary</u>, 228 F.3d at 739.

### Grounds For Relief

In the instant case, it is essential that the Court issue the requested preliminary injunction to prevent immediate and irreparable injury because:

A)  As established by the verified complaint, the Defendants will perorm acts sought to be enjoined.

B)  As established by verified complaint and the Affidavit of Ronnie Dante Thomas, #254903, capacity, prisoner, trustee and member-manager, if this Defendant does perform the acts sought to be enjoined, the plaintiff will suffer immediate and irreparable harm in plaintiff access to the court, business and economic expression, family reputation and good-will, retaliatory conduct for expressing protected conduct.

C)  As established by the Affidavit of Ronnie Dante Thomas, #254903 and the Memo. of point and Authorities incorp. herewith, the plaintiff has no adequate remedy at law for the injuries sought to be prevented by the requested preliminary injunction.

D)  As shown by the verified complaint the Affidavit of Ronnie Dante Thomas, #254903 and Eighth (8th) Amend. and First (1st) Amend. (retaliation) common-law as constituted by the

United States Supreme Court, the plaintiff is likely to succeed on the merits of this action.

E) As shown by the verified complaint, the Affidavit of Ronnie Dante Thomas, #254903 and Michigan Compiled Laws (MCL) 700.7801, 700.7817 (a)-(nn), MCL 450. 4101 et seq. and most importantly First (1st) Amend. right of access to the Courts for the Clients of Syllogic Visions Consulting, LLC (SVC) and the Thomas Family Trust interest is SVC, LLC, in the issuance of a preliminary injunction well not cause undue inconvenience or loss to the Defendant in that it is evident from the U.S. Supreme courts well-settled precedent that "the loss of First Amend. freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury". Elrod v. Burns, 427 U.S. 347, 373 (1976). The harm suffered by Plaintiff, SVC, LLC's clients has been acute and ongoing. The interest in injunctive relief is substantial. The MDOC's policy requiring inmate's/prisoner's to not have A General Equivalence Diploma or High School Diploma in order to procure assistance from the writ-writer program, underscored by Writ Writer's who do provide assistance merely procuring A two-year training course, Knop v. Johnson, 977 F.2d 996, 2006 (6th Cir. 1992) and retaliate experienced by Plaintiff and SVC, LLC for supplying meaningful access to the court for prisoners, Thaddeus-x v. Blatter, 175 F.3d 378, 394 (6th Cir. 1999), is out-of-step with federal law.

## Support for Motion

This motion is based on all of the papers and records on file with the MDOC related to this action, including this document, the verified complaint, the supporting Affidavit of Ronnie Dante Thomas, #254903 as prisoner, trustee and member-manager, the support Memo. of law and on whatever argument and evidence is presented at the hearing of this motion.

-5-

By: _____
Ronnie Dante Thomas, #254903
Bellamy Creek Corr. Facility
1727 W. Bluewater Hwy.
Ionia, Michigan 48846-8647

Date: 1-30-2025

FIRST-CLASS
US POSTAGE IMI PITNEY BOWES
ZIP 48846
02 7W
$ 002.31⁰
0008038260 JAN 31 2025

f the Clerk
t. Court
deral Building
chigan St., NW
Rapids, Michigan

Ronnie Dante Thomas #254103
Bellamy Creek Correction Facility
1727 25. Bluewater Hwy.
Ionia, Michigan 48846

Office
U.S. Dis
399 Fe
110 Mi
Grand
49503